IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEPHEN BUFFINGTON                                                    PETITIONER

v.                         NO. 5:17-cv-00265 KGB/PSH

WENDY KELLEY, Director of the                                         RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On September 1, 1995, petitioner Stephen Buffington ("Buffington") was convicted in Jefferson County Circuit Court of aggravated robbery and escape in the second degree.  He was sentenced as an habitual offender to an aggregate term of fifty years in the custody of respondent Wendy Kelley ("Kelley"). Buffington appealed his convictions. The Arkansas Supreme Court affirmed his convictions on September 16, 1996. See Buffington v. State, --- Ark. ---, --- S.W.2d ---, 1996 WL 535413 (1996).

Buffington did not thereafter seek post-conviction relief or otherwise mount a collateral attack upon his convictions. He did, though, file a motion for reduction of prison time in Jefferson County Circuit Court on December 3, 2015. In the motion, he represented, in part, the following:

> That Defendant is serving 50 years in the Arkansas Department of Correction for Aggravated Robbery as a Habitual Offender in Case No. CR 1994-588.
>
> That Defendant is also serving 15 years in the Arkansas Department of Correction for Escape – 2nd Degree, Habitual Offender.
>
> …
>
> That Defendant is now 57 years old. His date of birth is November 24, 1958.
>
> …
>
> That Defendant is in bad health. He is diagnosed with Hepatitis C and his condition is getting worse.
>
> That it is in the best interest of the state of Arkansas that the Defendant be given a reduction in sentence. Defendant has been punished and rehabilitated.

> Mercy and compassion should be granted for health and other reasons.
>
> That Defendant cannot receive good time credit. … His PE/TE date is April 2, 2021.

<u>See</u> Docket Entry 2 at CM/ECF 10. A state trial court judge denied the motion on July 8, 2016, finding, in part, the following:

> [Buffington] has filed a Motion for Reduction of Prison Time. A request for modification or reduction of sentence must be raised in a timely petition for post-conviction relief pursuant to [ARCrP] 37.2. …
>
> The limitations imposed in ARCrP 37.2 are jurisdictional in nature and the Circuit Court may not grant relief on an untimely petition. … The time frame allotted to file a Rule 37 Petition has expired. There is no provision in the rule for a belated petition. …
>
> At this point in time, the Court does not have the authority to grant the relief sought.

<u>See</u> Docket Entry 2 at CM/ECF 17. The record is silent as to whether Buffington appealed the denial of his motion for reduction of prison time and, if so, what disposition was made of his appeal.

On October 19, 2017, Buffington began the case at bar by filing a petition for writ of habeas corpus. In the petition, he maintained that his sentence is excessive, is cruel and usual punishment, and violates his right to due process. He asked that his sentence be reduced to time served.

Kelley filed a response to Buffington's petition. In the response, Kelley maintained that Buffington was not entitled to any relief. Kelley so maintained because Buffington's claim is "impermissibly pleaded, time barred, procedurally defaulted, and meritless." <u>See</u> Docket Entry 7 at CM/ECF 2.

Before giving serious consideration to Kelley's assertions, the Court accorded Buffington an opportunity to file a reply. Buffington filed nothing in reply, and the deadline for doing so has now passed.

Before addressing Kelley's assertions, the undersigned finds it advisable to address three matters. First, Buffington filed his petition by completing portions of a form prepared by the Administrative Office of the United States Courts and used primarily for filing a petition pursuant to 28 U.S.C. 2241. The petition at bar is, though, construed as one pursuant to 28 U.S.C. 2254. As Kelley correctly notes, 28 U.S.C. 2254 is the only means by which a person in custody pursuant to the judgment of a state court may raise a challenge to validity of a conviction, the validity of a sentence, or the execution of a sentence. Here, Buffington is challenging his sentence.

Second, the form used by Buffington prompted him to identify what he was challenging. He marked a box indicating that he was challenging "[h]ow [his] sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits.)" See Docket Entry 2 at CM/ECF 2. He did not mark a box indicating that he was challenging "[t]he validity of [his] conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)." See Docket Entry 2 at CM/ECF 2. In another section of the form, he marked a box indicating that he was challenging "the validity of [his] conviction or sentence as imposed." See Docket Entry 2 at CM/ECF 4. Giving Buffington's pleadings a reasonable construction, and viewing them in light of his motion for reduction of prison time, the undersigned finds that he is not challenging the validity of his sentence. Instead, he simply wants it reduced.

Third, the record is silent as to whether Buffington appealed the denial of his motion for reduction of prison time and, if so, what disposition was made of his appeal. The silence need not be disturbed because whether he took an appeal has no bearing on the outcome of this case. For the reasons that follow, his petition is barred by limitations and has been for several years. It matters not whether he appealed the denial of his motion and, if so, what disposition was made of his appeal.

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254.[1] If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the commencement of the one year period. The first date that can trigger the beginning of the one year period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A).

The Arkansas Supreme Court affirmed Buffington's convictions on September 16, 1996. He did not file a petition for writ of certiorari with the United States Supreme Court. His convictions therefore became final ninety days later, or on or about December 16, 1996.[2] He had up through on or about December 15, 1997, to file a timely petition pursuant to 28 U.S.C. 2254. He did not file a petition by that deadline. His petition is barred by limitations unless there is a later date that triggered the beginning of the one year period or there is some reason for excusing his untimely filing.

---

[1] The one year limitations period was a part of the AntiTerrorism and Effective Death Penalty Act, which was signed into law on April 24, 1996, or approximately eight months before Buffington's convictions became final.

[2] Kelley represents, and the undersigned agrees, that "[w]hen the State's highest court issues a decision on direct review, and review on certiorari is not sought, the judgment becomes final 90 days later when the time for seeking certiorari in the United States Supreme Court expires. Gonzalez v. Thaler, 565 U.S. 134, 149 (2012); see also Nelson v. Norris, 618 F.3d 886, 891 (8th Cir. 2010) ..." See Docket Entry 7 at CM/ECF 6.

28 U.S.C. 2244(d)(1)(B) provides that the one year period can begin on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." In order to take advantage of this triggering date, "a petitioner must show that the state created an impediment to the filing of his petition by action in violation of the Constitution or laws of the United States." See Earl v. Fabian, 556 F.3d 717, 726 (8th Cir. 2009) [citation and internal quotations omitted]. Here, there is no evidence that the State of Arkansas created any kind of impediment to Buffington's filing of a petition pursuant to 28 U.S.C. 2254.

28 U.S.C. 2244(d)(1)(C) provides that the one year period can begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The constitutional rights asserted by Buffington were recognized by the United States Supreme Court well before the day he was sentenced and/or the day on which the Arkansas Supreme Court affirmed his convictions.

28 U.S.C. 2244(d)(1)(D) provides that the one year period can begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim constitutes the "vital facts underlying [the] claim." See Earl v. Fabian, 556 F.3d at 725. Here, Buffington knew or should have known of the factual predicate of his claim by no later than September 1, 1995, i.e., the day on which he was sentenced as an habitual offender to an aggregate term of fifty years imprisonment.

6

Given the foregoing, the undersigned finds that Buffington's convictions became final on or about December 16, 1996, and he had up through on or about December 15, 1997, to file a timely petition pursuant to 28 U.S.C. 2254. He did not file the petition at bar until October 19, 2017, or almost twenty years after the expiration of the limitations period. Although the time during which a properly filed application for state collateral relief is pending shall not be counted toward the limitations period, see 28 U.S.C. 2244(d)(2), the time during which his motion for reduction of prison time was pending did not toll the one year period. The motion was filed almost eighteen years after the expiration of the limitations period, and the motion did not re-set or otherwise re-start the limitations period. In short, Buffington's petition should be dismissed as time barred unless he can show some justification for tolling the one year period.

In order for Buffington to gain the benefit of equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) [quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)]. The application of the equitable tolling doctrine is proper only when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time,'" see Id. [quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)], and is "an exceedingly narrow window of relief,'" see Id. at 428 [quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)].

Here, Buffington has neither alleged nor shown that he has been pursuing his rights diligently. He has also neither alleged nor shown that some extraordinary circumstance stood in his way and prevented him from filing a timely petition.

7

Notwithstanding the foregoing, actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). See also Clemmons v. Kelley, 2017 WL 5147151 (E.D.Ark. 2017) (Deere, J.). The assertion of actual innocence must be supported by newly discovered evidence. Here, Buffington has not alleged that he is actually innocent nor has he offered any newly discovered evidence.

The undersigned finds that Buffington filed the petition at bar after the expiration of the one year limitations period. Because he has offered no justification for tolling that period, his petition is time barred. It is recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. The undersigned is not convinced that Buffington can make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).[3]

DATED this 22nd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Even were Buffington's petition not barred by limitations, there is some question whether the federal courts could grant him the type of relief he seeks, i.e., immediate release from custody because of his age, health, and having been rehabilitated. It may be that the more appropriate forum for his request is with the Governor's Office for the State of Arkansas.